IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RICKIE DALE MOORE                                       PLAINTIFF

v.                          Civil No. 1:18-cv-1059

CAMRON OWENS, Jail Administrator
Ouachita County Jail; DOUG WOODS,
CO/Jailer, Ouachita County Jail; SHERYL
MENDENHALL, Head Nurse Medical Staff; and
DR. JOSEPH DELUCA, Medical Staffing Doctor            DEFENDANTS

## **ORDER**

Currently before the Court is Plaintiff Rickie Dale Moore's failure to comply with orders of the Court.

On September 27, 2018, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights while he was incarcerated in the Ouachita County Jail. On October 2, 2018, the Court granted Plaintiff *in forma pauperis* ("IFP") status.

On February 19, 2020, Plaintiff filed a change-of-address notice, indicating he had been released from custody. (ECF No. 51). When a plaintiff is released from confinement, the Court's policy is to require resubmission of affidavits to determine whether he should be required to pay all, or a portion of, the filing fees. On February 20, 2020, the Court entered an order directing Plaintiff to pay the $350.00 filing fee and $50 administrative fee or resubmit an IFP application which reflects his free-world financial status, no later than March 12, 2020. The order informed Plaintiff that failure to do so would result in dismissal of this lawsuit. (ECF No. 52). To date, Plaintiff has not complied with the Court's order and the order has not been returned as undeliverable.

On March 13, 2020, the Court entered an order directing Plaintiff to show cause by March 23, 2020, as to why he failed to pay the filing fee or resubmit an IFP application which reflects his free-world financial status. (ECF No. 53). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, Plaintiff has not complied with this Court's show cause order, and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Neither of these orders have been returned as undeliverable. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local

Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 27th day of March, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge